**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TALSK RESEARCH INC.,<br><br>Plaintiff,<br><br>v.<br><br>EVERNOTE CORPORATION,<br><br>Defendant. | Case No. 1:16-cv-02167<br><br>Hon. Thomas M. Durkin<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Talsk Research Inc. ("Talsk") for its Second Amended Complaint against Defendant Evernote Corporation ("Evernote") states as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

**THE PARTIES**

2. Talsk is a Delaware corporation with its principal place of business in Chicago, Illinois.

3. Evernote is a Delaware corporation with its principal place of business at 305 Walnut Street, Redwood City, California.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Evernote because, on information and belief, Evernote has systematic and continuous contacts with Illinois and this judicial district

because Evernote regularly transacts business in the State of Illinois and this judicial district and it has thereby purposefully availed itself of the benefits and protections of the laws of the State of Illinois. Furthermore, this Court has personal jurisdiction over Evernote because, as described further below, Evernote has committed acts of patent infringement giving rise to this action within the State of Illinois and has thus established minimum contacts such that the exercise of personal jurisdiction over Evernote does not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENT-IN-SUIT**

7. On February 13, 2007, U.S. Patent Number 7,178,097 (the "'097 Patent"), entitled "Method And System For Using A Communications Network To Archive And Retrieve Bibliography Information And Reference Material," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '097 Patent is attached as Exhibit A to this Complaint.

8. Prior to the claimed invention, as the internet continued to grow as a publishing medium, a problem developed due to the "decay" of citations in online references. *See, e.g.* Exhs. F, G.

9. The innovations disclosed in the '097 Patent, through the implementation of computer software in the context of online or electronic publishing, provide a technical solution (*e.g.,* enabling an author of a manuscript to reference a webpage and subsequently enabling a reader of the manuscript to retrieve the referenced webpage such that retrieval returns the information as it existed when originally referenced) to the technical problem of "decay" of citations in online references. These innovations "relate[] generally to publishing and, more

particularly, to a method and system for using a communications network such as the Internet to archive and retrieve bibliography information and reference material cited in a manuscript." (Ex. A, the '097 Patent at 1:9-13.) The innovative technical solution can be characterized as "using a communications network to archive and retrieve bibliography information and reference material from an Internet source such as a website cited in a manuscript" or "provid[ing] a method and system for using a communications network to archive a copy of the information from an Internet source cited in a manuscript." (*Id.* at 2:57-65.)

10. Talsk is the assignee and owner of all rights, title, and interests in the '097 Patent, including the right to assert all causes of action arising under the '097 Patent and the right to any remedies for infringement of the '097 Patent.

## BACKGROUND FACTS

11. Srikrishna Talluri, also known as Krish, is the inventor of the methods disclosed in the '097 Patent. Mr. Talluri applied for the '097 Patent on November 13, 2000.

12. As of the time the '097 Patent issued, Mr. Talluri had founded Business One, Inc., which practiced the '097 Patent by offering to sell the "RefMArc" product. As of 2012, Mr. Talluri had also founded Talsk, which also practiced the '097 Patent by offering to sell the "JotLingo" product.

13. JotLingo lets users take notes and save web-clips on the fly and access them from anywhere.

14. On June 8, 2012, Mr. Talluri emailed the Chief Operations Officer of Evernote, Mr. Ken Gullicksen, stating as follows: "I'm writing to inquire if Evernote would be interested in JotLingo. In addition to the innovative features we're building, we also have patents that should

be of increasing importance to Evernote—in light of the technical changes you've been making over the past year." (Ex. B, June 8, 2012 E-mail from Talluri to Gullicksen.)

15. Mr. Gullicksen met with Mr. Talluri on June 13, 2012.

16. On June 13, 2013, Mr. Talluri gave a presentation of JotLingo to Evernote and Mr. Gullicksen.

17. During the meeting between Mr. Talluri and Mr. Gullicksen on June 13, 2012, Mr. Gullicksen made a video recording of a portion of Mr. Talluri's presentation of JotLingo.

18. On June 14, 2012, Mr. Talluri emailed Mr. Gullicksen, requesting that Evernote provide a copy of the video Gullicksen took of the JotLingo presentation without Mr. Talluri's permission. (Ex. C, June 14, 2012 E-mail from Talluri to Gullicksen.)

19. In his June 14, 2012 e-mail, Mr. Talluri copied the then Chief Executive Officer of Evernote, and current Executive Chairman of Evernote, Mr. Phil Libin. (*Id.*)

20. Six months later, subsequent to Mr. Talluri's meeting with, and presentation to, Evernote, Evernote made technical changes to the Evernote product and introduced Evernote Business.

21. Specifically, after meeting with Mr. Talluri and recording portions of his presentation, Evernote made technical changes and incorporated the changes its product. Evernote's technical changes to its product copied the patented components of the JotLingo system and infringe claims of the '097 Patent.

22. Indeed, Evernote incorporated all key features into its product that were outlined by Mr. Talluri in his demo to Mr. Gullicksen. (*Compare*, Ex. D, June 13, 2012 Jotlingo PowerPoint Presentation to Evernote, *with* Ex. E, August 24, 2012 Evernote Blog.)

**COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,178,097**

23. The allegations set forth in the foregoing paragraphs 1 through 22 are hereby re-alleged and incorporated by reference.

24. In violation of 35 U.S.C. §271(a), Evernote has directly infringed and continues to directly infringe, literally, and under the doctrine of equivalents, one or more claims of the '097 Patent by making, using, offering for sale, selling, or importing the Evernote platform, including Evernote Web Clipper (the "Evernote Reference Preservation System"), in this judicial district and elsewhere in the United States (directly or through intermediaries), that perform the steps recited in at least Claims 8, 19, and 23 of the '097 Patent.

25. Evernote directly infringes at least Claims 8, 19, and 23 of the '097 Patent by performing some of the steps of the claimed methods and directing and controlling individual and corporate users of the Evernote Reference Preservation System to perform the remaining claimed steps by conditioning use of the Evernote Reference Preservation System on performance of the remaining patented steps. Evernote also directs and controls its individual and corporate users by conditioning the receipt of a benefits associated with the Evernote Reference Preservation System—in this case, using the Evernote Reference Preservation System, to archive a web site for subsequent retrieval as bibliographical information—upon performance of the remaining steps in the patented method. Evernote also establishes the manner and timing of the performance by instructing its users how to use the Evernote Reference Preservation System.

26. Users of the Evernote Reference Preservation System include corporate entities and persons, including, for example, Evernote corporate customers and agents and/or employees of Evernote's corporate customers that use the Evernote Reference Preservation System.

27. Evernote directly infringes by directing and controlling users of the Evernote Reference Preservation System to create manuscripts in the Evernote Reference Preservation System and then perform at least the steps recited in Claims 8, 19, and 23 of the ‘097 patent to archive reference material contained in the manuscript or bibliography of the manuscript.

28. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of at least the steps recited in Claims 8, 19, and 23 of the ‘097 Patent by such users. Evernote also directs and controls its individual and corporate users by conditioning receipt of the benefits associated with the Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information-on performance of the at least the steps recited in Claims 8, 19, and 23 of the ‘097 Patent by such users.

29. Evernote directly infringes by directing or controlling users of the Evernote Reference Preservation System to use the Evernote Reference Preservation System to author a manuscript and use a web site on the Internet as a reference for the manuscript. *See, e.g.,* https://evernote.com/evernote/guide/mac/#2 (last visited September 16, 2016) (advertising that users can “[u]se Evernote to create text notes”).

30. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of authoring a manuscript and using a web site on the Internet as a reference of the manuscript by such users. Evernote also directs and controls its its individual and corporate users by conditioning receipt of the benefits associated with the Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information—on performance of the patented steps by such users.

31. Evernote directly infringes by directing and controlling users of the Evernote Reference Preservation System to use a first communications device (*e.g.,* computer) that is connected to the Internet or world wide web to transmit or transfer the address or identification of the web site to an Evernote database that is connected to the Internet or world wide web such that the Evernote database obtains a copy of the web site such that the obtained website is verbatim to the website as on the Internet or world wide web at the time the user transmitted or transferred the web site address or identification to the Evernote database. *See, e.g.*, https://help.evernote.com/hc/en-us/articles/209125877 (last visited September 15, 2016) (instructing users to "click the elephant button in [their] browser to launch Web Clipper" and "select a clip type, full-length or sections of web pages, such as news stories or research articles").

32. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of using a first communications device (*e.g.,* computer) that is connected to the Internet or world wide web to transmit or transfer the address or identification of the web site to an Evernote database that is connected to the Internet or world wide web such by such user. Evernote also directs and controls its its individual and corporate users by conditioning receipt of the benefits associated with the Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information—on performance of the at least the steps recited in the patented steps by such users.

33. The Evernote database obtains a copy of the web site such that the obtained website is verbatim to the website as on the Internet or world wide web at the time the user transmitted or transferred the web site address or identification to the Evernote database. *See.*

*e.g.,* https://evernote.com/business/solutions/team-research/ (last visited September 15, 2016) (advertising a "browser tool to clip and web page or email so it's available and shareable forever in Evernote").

34. Evernote directly infringes by directing or controlling users of the Evernote Reference Preservation System to associate or assign a distinctive or unique key to the copy of the web site, which the Evernote Reference Preservation System then stores, along with the copy of the web site, at or in the Evernote database. *See, e.g.,* https://blog.evernote.com/blog/2012/11/16/quick-tip-friday-hyperlinking-inside-your-notes/ (last visited September 16, 2016) (instructing users how to "link directly to individual notes from anywhere"). The distinctive or unique key is an Evernote created URL that links to another note within the Evernote Reference Preservation System.

35. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of associating or assigning a distinctive or unique key to the copy of the web site by such user. Evernote also directs and controls its its individual and corporate users by conditioning receipt of the benefits associated with the Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information—on performance of the at least the steps recited in the patented steps by such users.

36. Evernote directly infringes by directing or controlling users of the Evernote Reference Preservation System to cite the website as being a reference for the manuscript, by listing identification of the web site along with the distinctive or unique key in the manuscript or bibliography of the manuscript.

37. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of citing the website as being a reference for the manuscript, by listing identification of the web site along with the distinctive or unique key in the manuscript or bibliography of the manuscript by such users. Evernote also directs and controls its its individual and corporate users by conditioning receipt of the benefits associated with the Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information—on performance of the patented steps by such users.

38. Evernote directly infringes by directing or controlling users of the Evernote Reference Preservation System who are viewing the manuscript, to obtain the distinctive or unique key from the manuscript or bibliography of the manuscript and then transmitting the distinctive or unique key to the Evernote database using a second communications devices (e.g., a computer) connected to the Internet or world wide web in order to request a copy of the web site that is verbatim to the web site as on the Internet or world wide web at the time another user of the Evernote Reference Preservation System transmitted or transferred the web site address or identification to the Evernote database. *See, e.g., id.* ("In-App Note Links also known as 'Classic Note Links' are used to reference a note in Evernote clients like when notes are linked to from within other notes and to open notes in a Evernote client in situations were it is known that the user already has access to the note").

39. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of obtaining the distinctive or unique key from the manuscript or bibliography of the manuscript and then transmitting the distinctive or unique key to the Evernote database using a second communications devices (e.g.,

a computer) connected to the Internet or world wide web in order to request a copy of the web site that is verbatim to the web site as on the Internet or world wide web at the time another user of the Evernote Reference Preservation System transmitted or transferred the web site address or identification to the Evernote database by such users. Evernote also directs and controls its its individual and corporate users by conditioning receipt of the benefits associated with the Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information—on performance of the patented steps by such users.

40. Evernote directly infringes dependent Claim 9 of the '097 Patent by storing an immutable copy of the web site in the Evernote Database. *See. e.g.,* https://evernote.com/business/solutions/team-research/ (last visited September 15, 2016) (advertising a "browser tool to clip and web page or email so it's available and shareable forever in Evernote").

41. Evernote directly infringes dependent Claim 14 of the '097 Patent by directing or controlling users of the Evernote Reference Preservation System to use an e-mail as a reference for the manuscript, the user transmitting a copy of the e-mail to the Evernote database using the first communications device for storage of the copy of the e-mail by the database, and the database transmitting a copy of the e-mail to the audience via the Internet and the second communications device in response to the database receiving a request for a copy of the e-mail from the audience. *See, e.g.,* https://evernote.com/business/solutions/team-research/ (last visited September 15, 2016) (advertising a "browser tool to clip and web page or email so that it's available and shareable forever in Evernote").

42. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of using an e-mail as a

reference for the manuscript and transmitting a copy of the e-mail to the Evernote database using the first communications device for storage of the copy of the e-mail by the database by such user, and the database transmitting a copy of the e-mail to the audience via the Internet and the second communications device in response to the database receiving a request for a copy of the e-mail from the audience. Evernote also directs and controls its its individual and corporate users by conditioning receipt of the benefits associated with the Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information—on performance of the patented steps by such users.

43. Evernote directly infringes dependent Claim 15 of the '097 Patent by directing or controlling users of the Evernote Reference Preservation System to use a digital file as a reference for the manuscript, the user transmitting a copy of the digital file to the Evernote database using the first communications device for storage of the copy of the digital file by the database, and the database transmitting a copy of the digital file to the audience via the Internet and the second communications device in response to the database receiving a request for a copy of the digital file from the audience. *See, e.g.,* https://help.evernote.com/hc/en-us/articles/209125877 (last visited September 15, 2016) (describing Evernote Web Clipper as "a simple extension for your web browser that lets you capture full-page articles, images, selected text, important emails, and any web page that inspires you").

44. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of using a digital file as a reference for the manuscript and transmitting a copy of the digital file to the Evernote database using the first communications device for storage of the copy of the digital file by the database by such user, and the database transmitting a copy of the digital file to the audience via the

Internet and the second communications device in response to the database receiving a request for a copy of the digital file from the audience. Evernote also directs and controls its its individual and corporate users by conditioning receipt of the benefits associated with the Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information—on performance of the patented steps by such users.

45. Evernote directly infringes dependent Claim 24 of the '097 Patent by directing or controlling users of the Evernote Reference Preservation System to access the Internet to located the web site prior to citing the web site in the manuscript.

46. Evernote directs and controls its individual and corporate users by conditioning use of the Evernote Reference Preservation System on performance of accessing the Internet to located the web site prior to citing the web site in the manuscript by such user. Evernote also directs and controls its its individual and corporate users by conditioning receipt of the benefits associated the with Evernote Reference Preservation System—the archival of a web site for subsequent retrieval as bibliographical information—on performance of the patented steps by such users.

47. Evernote's infringement has injured or will continue to injure Talsk and Talsk is entitled to recover damages adequate to compensate it for Evernote's infringement, which in no event can be less than a reasonable royalty.

48. Talsk is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, 284, and 287.

**COUNT II – INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,178,097**

49. The allegations set forth in the foregoing paragraphs 1 through 48 are hereby re-alleged and incorporated by reference.

50. In violation of 35 U.S.C. §271(b), Evernote has induced and continues to induce its corporate customers to use the Evernote Reference Preservation System in a manner to infringe at least Claims 8, 19, and 23 of the '097 Patent.

51. Evernote induces its corporate users to infringe at least Claims 8, 19, and 23 of the '097 Patent by instructing its corporate users how use the Evernote Reference Preservation System in an infringing manner through advertising and instructions available on the Evernote web site. *See, e.g.*, https://help.evernote.com/hc/en-us/articles/209125877-Quick-start (last visited September 15, 2016) (advertising that Web Clipper is a "simple extension for [a] web browser that lets [the user] capture full-page articles, images, selected text, important emails, and any web page that inspired [the user]").

52. Additionally, upon information and belief, Evernote provides training and training material that instruct its corporate users on how to use the Evernote Reference Preservation System in an infringing manner.

53. Evernote induces its corporate users to use the Evernote Reference Preservation System to author a manuscript and use a web site on the Internet as a reference for the manuscript through advertising and instructions available on the Evernote web site. *See, e.g.*, https://evernote.com/evernote/guide/mac/#2 (last visited September 16, 2016) (advertising that users can "[u]se Evernote to create text notes").

54. Evernote induces its corporate users to use the Evernote Reference Preservation System to use a first communications device (*e.g.,* computer) that is connected to the Internet or world wide web to transmit or transfer the address or identification of the web site to an Evernote database that is connected to the Internet or world wide web, such that the Evernote database obtains a copy of the web site, wherein that the obtained website is verbatim to the website as on

the Internet or world wide web at the time the user transmitted or transferred the web site address or identification to the Evernote database. *See, e.g.*, https://help.evernote.com/hc/en-us/articles/209125877 (last visited September 15, 2016) (instructing users to "click the elephant button in [their] browser to launch Web Clipper").

55. Evernote induces its corporate users to use the Evernote Reference Preservation System to associate or assign a distinctive or unique key to the copy of the web site, which the Evernote Reference Preservation System then stores, along with the copy of the web site, at or in the Evernote database. *See, e.g.,* https://blog.evernote.com/blog/2012/11/16/quick-tip-friday-hyperlinking-inside-your-notes/ (last visited September 16, 2016) (instructing users how to "link directly to individual notes from anywhere"). The distinctive or unique key is an Evernote created URL that links to another note within the Evernote Reference Preservation System.

56. Evernote induces its corporate users to use the Evernote Reference Preservation System to cite the website as being a reference for the manuscript, by listing identification of the web site along with or without the distinctive or unique key in the manuscript or bibliography of the manuscript.

57. Evernote induces its corporate users, to use Evernote Reference Preservation System to obtain the distinctive or unique key from the manuscript or bibliography of the manuscript and then transmitting the distinctive or unique key to the Evernote database using a second communications devices (e.g., a computer) connected to the Internet or world wide web in order to request a copy of the web site that is verbatim to the web site as on the Internet or world wide web at the time another user of the Evernote Reference Preservation System transmitted or transferred the web site address or identification to the Evernote database. *See, e.g., id*. ("In-App Note Links also known as 'Classic Note Links' are used to reference a note in

Evernote clients like when notes are linked to from within other notes and to open notes in a Evernote client in situations were it is known that the user already has access to the note.")

58. Evernote has induced, and still is inducing, the infringement of the '097 Patent in this District and elsewhere by marketing, promoting, soliciting, importing, offering for sale, selling and distributing the Evernote Reference Preservation System, that when used as intended and directed by Evernote, infringes at Claims 8, 19, and 23 of the '097 Patent, either literally or under the doctrine of equivalents.

59. Evernote's infringement has injured or will continue to injure Talsk and Talsk is entitled to recover damages adequate to compensate it for Evernote's infringement, which in no event can be less than a reasonable royalty.

60. Talsk is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, 284, and 287.

## JURY DEMAND

Plaintiff Talsk Research, Inc. hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff Talsk Research, Inc. respectfully requests that the Court find in its favor and against Defendant Evernote Corporation, and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendant has infringed the '097 Patent;

B. a finding that Defendant's infringement has been willful;

C. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the'097 Patent, and any continuing or future infringement through the date such judgment is entered, including prejudgment

and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. an award of treble damages;

E. a finding that this case is "exceptional" under 35 U.S.C. § 285 and awarding Plaintiff its expenses and attorneys' fees incurred in bringing and prosecuting this action; and,

F. an award to Plaintiff of such further relief at law or in equity as the Court deems just and proper, including, but not limited to costs, fees, expenses, and/or interest.

Dated: September 16, 2016

Respectfully submitted,

*<u>/s/ William C. Spence</u>*
William Cory Spence
SPENCE, P.C.
405 N. Wabash Ave., Suite P2E
Chicago, Illinois 60611
312-704-8882
William.Spence@spencepc.com
*Counsel for Plaintiff*
*Talsk Research, Inc.*