**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TALSK RESEARCH INC.,

Plaintiff,

v.

EVERNOTE CORPORATION,

Defendant.

Civil Action No. 1:16-cv-02167

Hon. Thomas M. Durkin

**JURY TRIAL DEMANDED**

**EVERNOTE CORPORATION'S ANSWER**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

In response to the Second Amended Complaint for Patent Infringement (D.I. 24) (the "Complaint") filed by Talsk Research Inc. ("Talsk"), Defendant Evernote Corp. ("Evernote"), through its attorneys, hereby submits its Answer and Affirmative Defenses. Evernote has moved to dismiss Talsk's allegations in its Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and has also moved pursuant to 28 U.S.C. § 1406 to transfer this case to the Northern District of California, or in the alternative, to dismiss, on the basis that venue in this District is improper under 28 U.S.C. § 1400. *See* Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28); Evernote's Reply Brief in Support of Its Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 35), Evernote's Response to Plaintiff's Motion for Leave to File a Surreply Brief regarding Evernote's 12(b)(6) motion to dismiss (D.I. 39); Evernote's Motion to Transfer, or in the Alternative, to Dismiss for Improper Venue (D.I. 42); Evernote's Reply in Support of Its Motion to Transfer (D.I. 55); Evernote's Notice of Supplemental Authority (D.I. 57). This Answer is submitted subject to these motions and without waiver. Evernote expressly reserves all of the arguments and objections asserted by

Evernote in connection with its motion to dismiss (*see* D.I. 28, 35, 39) and motion to transfer (*see* D.I. 42, 55, 57).

Evernote denies each allegation contained in Talsk's Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably may follow from the admitted facts. Evernote generally denies that Talsk is entitled to the relief requested in the Complaint or to any other relief.

**NATURE OF THE ACTION**

1. Paragraph 1 is a statement of legal conclusions and jurisdiction to which no response is required. To the extent that a response is required, Evernote denies that there is any factual or legal basis for Talsk's claims of patent infringement and denies that Talsk is entitled to any damages or equitable relief. Evernote also denies that Talsk has sufficiently stated a claim upon which relief can be granted in its Complaint.

**THE PARTIES**

2. Evernote lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

3. Admitted.

**JURISDICTION AND VENUE**

4. Paragraph 4 is a statement of legal conclusions to which no response is required. To the extent that a response is required, for the purposes of this action only, Evernote does not contest subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) in this Court. Otherwise denied.

5. Paragraph 5 is a statement of legal conclusions to which no response is required. To the extent that a response is required, Evernote denies the allegations of paragraph 5. For the purposes of this action only, Evernote does not contest personal jurisdiction in this Court.

6. Paragraph 6 is a statement of legal conclusions to which no response is required. To the extent that a response is required, Evernote denies that venue is proper in this judicial district. Evernote denies that it has a regular and established place of business in this judicial district, and Evernote denies that this Court is a proper venue under 28 U.S.C. § 1400, which governs the claims alleged in Talsk's Complaint. Evernote reserves all of its objections to the propriety of venue in this district. Evernote hereby incorporates by reference its Motion to Transfer, or in the Alternative, to Dismiss for Improper Venue (D.I. 42) as well as its Reply in Support of Its Motion to Transfer (D.I. 55) and its Notice of Supplemental Authority (D.I. 57). Evernote further objects to venue in the District of Delaware under 28 U.S.C § 1404.

**THE PATENT-IN-SUIT**

7. Admitted that Exhibit A to Talsk's Complaint appears to be a copy of a patent bearing the number 7,178,097 entitled "Method and System for Using a Communications Network to Archive and Retrieve Bibliography Information and Reference Material" with February 13, 2007 listed as the date of the patent. Evernote otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies them.

8. Evernote lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies them.

9. Paragraph 9 is a statement of legal conclusions as to the meaning of the disclosures of a patent document to which no response is required. To the extent a response is required, Evernote denies the allegations of paragraph 9.

10. Evernote lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies them.

## BACKGROUND FACTS

11. Evernote admits that Exhibit A to Talsk's Complaint lists Srikrishna Talluri as an inventor and lists November 13, 2000 as the filing date. Evernote otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies them.

12. Evernote lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies them.

13. On information and belief, Evernote admits that Mr. Gullicksen met Mr. Talluri in or around June 2012. Evernote otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies them.

14. Evernote admits that Exhibit B purports to include an email between Krish Tallluri and Ken Gullicksen, dated June 8, 2012. Evernote otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies them.

15. Evernote lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies them.

16. Evernote lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies them.

17. Denied.

18. Evernote admits that Exhibit C purports to be a print-out of an email between Krish Tallluri and Ken Gullicksen, dated June 14, 2012. Evernote otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies them.

19. Evernote lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies them.

20. Admitted that Evernote Business was released in December 2012. Otherwise denied.

21. Denied.

22. Denied.

**<u>COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,178,097</u>**

23. Evernote realleges and incorporates by reference paragraphs 1-22 above.

24. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

25. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

26. Admitted that users of Evernote products include persons. Evernote otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies them. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated

herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

27. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

28. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

29. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

30. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

31. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

32. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

33. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

34. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

35. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

36. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

37. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

38. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

39. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

40. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

41. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

42. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

43. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

44. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

45. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

46. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

47. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

48. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

**COUNT II – INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,178,097**

49. Evernote realleges and incorporates by reference paragraphs 1-48 above.

50. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

51. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

52. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

53. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

54. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

55. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

56. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

57. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

58. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

59. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

60. Denied. Further responding, as set forth in Evernote's Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), which is incorporated herein by reference, Talsk's infringement allegations fail to state a claim upon which relief may be granted.

## RESPONSE TO TALSK'S PRAYER FOR RELIEF

Evernote denies that Talsk is entitled to any relief it seeks in its Complaint or any other relief.

## DEMAND FOR JURY TRIAL

Evernote demands a jury trial on all matters so triable by right.

## AFFIRMATIVE DEFENSES

**First Defense**
**(Non-Infringement of the '097 patent)**

Evernote does not and will not infringe any valid, enforceable claim of U.S. Patent No. 7,178,097 ("the '097 patent"), jointly, separately, directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

**Second Defense**
**(Invalidity of the '097 patent)**

Each and every claim of the '097 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**Third Defense**
**(Application of Prosecution History Estoppel to the '097 Patent)**

By reason of the proceedings in the Patent Office during the prosecution of the '097 patent, and by reason of amendments, positions, concessions, statements and/or representations taken or made by or on behalf of the applicant, Talsk has disclaimed and/or is estopped from asserting the '097 patent against any product made, used, offered for sale or sold by Evernote.

**Fourth Defense**
**(Improper Venue)**

Venue for Talsk's claims alleged in its Complaint is not proper under 28 U.S.C. § 1400 in the Northern District of Illinois, where Evernote has no regular and established place of business. Evernote hereby incorporates by reference its Motion to Transfer, or in the Alternative, to Dismiss for Improper Venue (D.I. 42) as well as its Reply in Support of Its Motion to Transfer (D.I. 55) and its Notice of Supplemental Authority (D.I. 57). Evernote further objects to venue in the District of Delaware under 28 U.S.C. § 1404.

**Fifth Defense**
**(Failure to State a Claim)**

Talsk's Complaint fails to state a claim upon which relief may be granted. Evernote hereby incorporates by reference its Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 28), its Reply Brief in Support of Its Rule 12(b)(6) Motion to Dismiss Talsk's Second Amended Complaint (D.I. 35), and its Response to Plaintiff's Motion for Leave to File a Surreply Brief regarding Evernote's 12(b)(6) motion to dismiss (D.I. 39).

**Sixth Defense**
**(Limitations on Costs and Damages)**

Talsk is barred under 35 U.S.C. § 287 from recovering damages prior to the date of filing this Complaint. Talsk is barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

**Seventh Defense**
**(No Exceptional Case)**

Talsk cannot prove that this is an exceptional case under 35 U.S.C. § 285, and, consequently, Talsk is not entitled to enhanced damages or attorneys' fees pursuant to that section. Evernote has not willfully infringed and does not and will not willfully infringe any valid and enforceable claim of the '097 patent, and Talsk is not entitled to enhanced damages.

**Eighth Defense**
**(Equitable Estoppel)**

Talsk's patent infringement claims are unenforceable against Evernote, in whole or in part, under the doctrine of equitable estoppel.

**Ninth Defense**
**(Exceptional Case)**

Evernote is entitled to an award of its reasonable attorneys' fees to be assessed against Talsk in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable, including without limitation, Fed. R. Civ. P. 11.

**Tenth Defense**
**(Reservation of Rights)**

Evernote reserves the right to allege additional affirmative defenses as they become known through the course of discovery.

Respectfully submitted,

September 26, 2017

*/s/ Douglas J. Kline*

Douglas J. Kline
Robert Frederickson III
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
dkline@goodwinlaw.com
rfrederickson@goodwinlaw.com

Jeffrey A. Rossman
Marina N. Saito
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
(312) 360-6000 (telephone)
(312) 360-6520 (facsimile)
jrossman@freeborn.com
msaito@freeborn.com

*Counsel for Evernote Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September 2017, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Douglas J. Kline*